# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Gerardo S.,

        Petitioner,

v.

Sherburne County Sheriff; U.S. Immigration
and Customs Enforcement, ICE; and ICE
Field Office Director,

        Respondents.

Case No. 26-cv-1577 (MJD/LIB)

**ORDER**

On March 11, 2026, this Court directed the government to respond to the petition for a writ of habeas corpus of petitioner Gerardo S., including through a "memorandum of law and fact explaining respondents' legal position on Petitioner's claims." (Order of March 11, 2025 [Docket No. 3] at 1). The government's response falls short of what was ordered and what was expected.

The bulk of the government's brief response consists of arguments that, because Petitioner previously sought habeas relief and was denied, his current habeas petition should be denied as well. But it is hornbook law that the denial of a habeas petition does not have res judicata effect. See Sanders v. United States, 373 U.S. 1, 6 (1963); Baranski v. United States, 880 F.3d 951, 954 (8th Cir. 2018). To avoid needless repetition in collateral proceedings, Congress has supplied statutory restrictions on successive and duplicative habeas petitions in some instances. The lone statutory provision cited by the government in its response, however, plainly does not apply to Petitioner, as he is not "a person [held] pursuant to a judgment of a court of the United States." 28 U.S.C. § 2244(a). In any event, § 2244(a) is permissive; although no federal court "shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application

for a writ of habeas corpus", § 2244(a) does not forbid a federal court from considering a second habeas petition from a federal prisoner.

The government also contends that the current habeas petition, if not barred by the prior judgment, should be denied for the same reason as the prior petition. This plainly will not work. Petitioner's lone claim, both before and now, is that he has been held in detention awaiting removal for too long.  Petitioner's earlier habeas petition was denied on the grounds that Petitioner had only just arrived in the custody of immigration authorities, and it would therefore have been premature to conclude that his detention might continue for too long. See Gerardo S. v. Warden of Sherburne County Jail, No. 26-cv-1264 (PAM/DLM), Order [Docket No. 5] (D. Minn. Feb. 19, 2026). That denial, however, was over two months ago, and Petitioner appears to still be in the custody of immigration authorities. Petitioner's claim that his detention awaiting removal threatens to become indefinite (and therefore unlawful) has thus gained some force over the ensuing two months.

The government was previously ordered to respond to the merits of Petitioner's habeas petition. Now, the government is again ordered to respond to the merits of Petitioner's habeas petition—specifically, whether Petitioner's removal is likely to be carried out in the foreseeable future.  That response is due no later than Tuesday, April 28, 2026.  No reply to the habeas petition from Petitioner is necessary unless directed by the Court.

**SO ORDERED.**

Dated: April 24, 2026

s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge

2